***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes, with modifications.
 *********** ISSUES TO BE DETERMINED
1. Is Plaintiff entitled to additional compensation for a change of condition relating to his scarring under N.C. Gen. Stat. §§ 97-47 and 97-31(22)? *Page 2 
2. Is Plaintiff entitled to additional compensation for a change of condition relating to any purported organ damage under N.C. Gen. Stat. §§ 97-47 and 97-31(24)?
3. Are Plaintiff's claims for additional compensation time-barred under N.C. Gen. Stat. § 97-47?
4. Are attorney's fees appropriate under N.C. Gen. Stat. § 97-88.1?
 *********** STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. Plaintiff is an employee of Defendant-Employer Ruddick Corporation.
3. Travelers Insurance Company is the Defendant-Carrier.
4. Plaintiff's average weekly wage is $1,247.45.
5. The parties stipulate to all of the Industrial Commission file, including forms, letters, and motions.
 ***********
Based upon a preponderance of the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On April 21, 2005, Plaintiff suffered a compensable injury when he was in an automobile accident while driving for Defendant-Employer.
2. Plaintiff's average weekly wage is $1,247.45 as stipulated to by the parties.
3. Defendants accepted Plaintiff's claim for injuries to his colon and abdomen. *Page 3 
4. Defendants paid Plaintiff temporary total disability compensation from April 22, 2005, through October 17, 2005, totaling $16,896.00.
5. Defendants paid Plaintiff additional temporary total disability compensation from March 14, 2006, through August 6, 2006, totaling $14,784.00. Defendants forwarded to Plaintiff his last temporary total disability compensation payment on August 3, 2006, which Plaintiff received and accepted.
6. Defendants paid all related medical compensation for Plaintiff totaling $81,409.23. Defendants paid the final payment for medical compensation on October 31, 2006.
7. Plaintiff returned to work for Defendant-Employer earning wages greater than or equal to his pre-injury wages on August 4, 2006. Plaintiff admitted that he stopped receiving workers compensation benefits at that time.
8. Defendants filed an Industrial Commission Form 28B on August 7, 2007, on which it was noted that Plaintiff's last and final compensation check was forwarded on August 3, 2006 and that his last and final medical compensation was paid on October 31, 2006. Plaintiff claims that he does not recall getting a copy of the Form 28B.
9. Plaintiff filed an Industrial Commission Form 33 claiming additional compensation on June 15, 2010. When Plaintiff filed the Form 33, more then two years had passed from when he last received his final payment of compensation from Defendants related to his injury by accident of April 21, 2005. In their Form 33R, Defendants raised the defense of the expiration of the statute of limitations for Plaintiff's claim for additional compensation.
10. Plaintiff offered no evidence that his abdominal scarring affects his ability to earn wages equal to or greater than his average weekly wage with Defendant-Employer. *Page 4 
11. Plaintiff testified he wore a uniform while working with his employer and that his abdomen was covered at all times. Plaintiff admitted that he did not, nor has he ever, made a living from his bodily image. Plaintiff offered no evidence that his abdominal scarring has interfered with his ability to earn a wage.
12. Plaintiff offered no evidence from any medical expert that he had suffered permanent organ damage which is causally related to his injury by accident of April 21, 2005.
13. Plaintiff offered no evidence that his purported organ damage resulted in a change of condition which affected his earning capacity.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident to his abdomen and colon on April 21, 2005. N.C. Gen. Stat. § 97-2(6).
2. Defendants made prompt payment of temporary total disability compensation to Plaintiff after his injury by accident of April 21, 2005. N.C. Gen. Stat. § 97-18.
3. Defendants paid Plaintiff all required temporary total disability compensation during the period of Plaintiff's disability. N.C. Gen. Stat. § 97-29.
4. Defendants paid all appropriate medical compensation to affect a cure or to provide relief to Plaintiff for his injury by accident of April 21, 2005. N.C. Gen. Stat. § 97-25.
5. On August 3, 2006, Defendants paid Plaintiff his final compensation for temporary total disability benefits, which Plaintiff received and accepted. N.C. Gen. Stat. § 97-24. *Page 5 
6. On October 31, 2006, Defendants paid the final medical compensation for Plaintiff's injury by accident of April 21, 2005. N.C. Gen. Stat. § 97-24.
7. Plaintiff's claim for additional benefits is time-barred, having been filed more then two years after his receipt and acceptance of his final compensation from Defendants. N.C. Gen. Stat. § 97-24.
8. Plaintiff failed to prove under N.C. Gen. Stat. § 97-31(22) that his abdominal scarring resulted from a change of condition. Therefore he is not entitled to any additional compensation. N.C. Gen. Stat. § 97-47.
9. Plaintiff has failed to meet his burden under N.C. Gen. Stat. § 97-31(22) that his abdominal scarring has interfered with his ability to earn a living. Therefore, he is not entitled to additional compensation. N.C. Gen. Stat. §§ 97-24 and 97-47.
10. Even if Plaintiff had met his burden under N.C. Gen. Stat. § 97-31(22), that his abdominal scarring resulted from a change of condition and it interfered with his ability to earn a living, Plaintiff's claim for additional benefits for abdominal scarring resulting from a change of condition is time-barred, having been filed more than two years after his receipt and acceptance of his final compensation from defendants. N.C. Gen. Stat. §§ 97-24; 97-47.
11. Plaintiff has failed to meet his burden that his purported organ damage under N.C. Gen. Stat. § 97-31(24) resulted from a change of condition and he is therefore not entitled to any additional compensation. N.C. Gen. Stat. § 97-47.
12. Employee-Plaintiff has failed to meet his burden that his purported organ damage affected his ability to earn a living and he is therefore not entitled to any additional compensation. N.C. Gen. Stat. §§ 97-24; 97-47. *Page 6 
13. Even if Plaintiff had met his burden under N.C. Gen. Stat. § 97-31(24) that his purported organ damage resulted from a change of condition, Plaintiff's claim for additional benefits for purported organ damage resulting from a change of condition is time-barred, having been filed more then two years after his receipt and acceptance of his final compensation from defendants. N.C. Gen. Stat. § 97-47.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff is not entitled to any additional compensation under the North Carolina Worker's Compensation Act.
2. Each Party shall pay its own costs.
This the 12th day of October, 2011.
 S/______________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/______________ LINDA CHEATHAM COMMISSIONER
 S/______________ CHRISTOPHER SCOTT COMMISSIONER

 *Page 1